**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN LUTZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DELANO UNION HIGH SCHOOL DISTRICT, RONALD GARCIA, JOSEPH HUNTER, LINDA ENRIQUEZ, AND DOES 1 THROUGH CC, inclusive,<br><br>　　　　　　　　　　Defendants. | 1:08-CV-01787-OWW-DLB<br><br>ORDER RE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) (Doc. 5) |

## I. INTRODUCTION

On July 14, 2008, Plaintiff Allen Lutz ("Plaintiff") filed suit against his former employer, Delano Union High School District and former colleagues, Ronald Garcia, Joseph Hunter, and Linda Enriquez (collectively "Defendants") in the Superior Court of the State of California, County of Kern. On November 20, 2008, the action was removed to this court based on federal question jurisdiction pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) Plaintiff alleges a violation of his First Amendment rights under 42 U.S.C. § 1983. Plaintiff also asserts a supplemental claim for violation of California Civil Code § 52.1.

Before the court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) Defendants challenge the sufficiency of Plaintiff's pleadings with respect to both of his alleged claims.

1

## II. BACKGROUND

Plaintiff was employed by the Delano Union High School District (the "School District"), a public school district. (Compl. ¶¶ 2, 4.) The capacity in which the School District employed Plaintiff is not specified in the complaint. Defendants Garcia, Hunter, and Enriquez were also employed by the School District. (Compl. ¶ 3.) However, the complaint contains no factual allegations regarding Garcia's, Hunter's, or Enriquez's job title or job description with the School District.

Plaintiff alleges that he exercised his free speech rights "on an important public matter" by discussing discrimination based on ancestry or national origin by the School District. (Compl. ¶ 5.) Plaintiff contends that each defendant interfered with his right to free speech by "making complaints against him" and by "directing him not to utter such speech again upon threat" of employment sanctions. (Compl. ¶ 6.) Plaintiff also contends that these actions were retaliatory in nature, and inevitably led to hardships encountered in his employment including a suffering in working conditions and a loss of income and benefits. (*Id.*) Plaintiff maintains that Garcia, Hunter, and Enriquez acted out of "personal animosity" and acted "outside the scope and purpose of their employment with [the School District]" by encouraging the adverse actions taken against him. (Compl. ¶ 12.) Plaintiff contends that each defendant acted "under color of law." (Compl. ¶ 13.)

Plaintiff filed a claim pursuant to the Government Tort Claims Act, California Government Code § 900 et seq., which was rejected by the School District on January 18, 2008.

## III. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." In deciding whether to grant a motion to dismiss, the court must "accept all factual allegations of the complaint as true and draw all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir. 2002). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061 (9th Cir. 2008) (citing *Bell Atl. v. Twombly,* 550 U.S. 544; 127 S. Ct. 1955 (2007) (rejecting interpretation of Rule 8 that permits dismissal only when the plaintiff can prove "no set of facts" in support of his claim). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Something "more than labels and conclusions" is needed to provide the grounds for relief. *Bell Atl.,* 127 S. Ct. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

## IV. DISCUSSION

A. **First Amendment Retaliation Claim - § 1983**

Defendants challenge Plaintiff's § 1983 claim by arguing that (1) Plaintiff has not alleged sufficient facts to support his underlying First Amendment claim, and (2) Plaintiff has not

3

sufficiently alleged a basis on which the School District can be liable for a § 1983 violation, and has not properly alleged official capacity claims against the individual defendants.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

### 1. First Amendment Retaliation

Defendants argue that Plaintiff's § 1983 claim fails because Plaintiff has not alleged sufficient facts to support the claim. (Doc. 5 at 2.) In pertinent part, Plaintiff's complaint reads as follows:

> On or about February 8, 2007, plaintiff exercised his right to free speech, secured to him by the United States Constitution and by the Constitution of the State of California on an important public matter, to wit, the issue of discrimination, by publicly funded schools such as those then and there operated by defendant [School District], on the basis of the ancestry and/or national origin in the disparate treatment of students in those schools.
>
> In direct retaliation for this speech, defendants and each of them took adverse actions against plaintiff by making complaints against him for uttering protected speech, by directing him not to utter such speech against upon threat of sanctions in his employment with [the School District] and by taking retaliatory actions against defendant which actions intentionally and adversely, without just cause, resulted in an interference with plaintiff's employment and caused plaintiff to suffer hardships in his employment in terms of working conditions and in terms of compensation and caused plaintiff to lose income and/or other benefits that would otherwise have been earned by plaintiff in the course of his employment with [the School District] . . . .

4

> In taking action against plaintiff as hereinbefore set forth, defendants and each of them deprived plaintiff of rights secured to him under the Constitution and Laws of the United States of America; to wit: the right to free speech secured and protected by Amendment I of the United States Constitution in that by taking retaliatory action against plaintiff in terms of his employment, defendants and each of them were substantially motivated by a desire to retaliate against plaintiff for speaking publicly on the issue of discrimination as more particularly alleged in paragraph 5 of this complaint . . . .
>
> In doing the things alleged [above], defendants RONALD GARCIA . . . JOSEPH HUNTER . . . and/or LINDA ENRIQUEZ . . . were then and there acting out of personal animosity toward plaintiff to dissuade him from exercising his right to free speech and were then and there motivated by their individual animosity to take and encourage the actions alleged to have been taken and encouraged against plaintiff and were, therefore, acting outside the scope and purpose of their employment with [the School District].

(Compl. ¶¶ 5, 6, 10, 12.)

To support a First Amendment retaliation claim against a public employer, Plaintiff must show that (1) "the speech addressed an issue of public concern;" (2) "the speech was spoken in the capacity of a private citizen and not a public employee;" (3) "the [employer] took adverse employment action;" and (4) "the speech was a substantial or motivating factor in the adverse action." *Eng v. Cooley*, 552 F.3d 1062, 1070-71 (9th Cir. 2009); *see also Marable v. Nitchman*, 511 F.3d 924, 929 (9th Cir. 2007).

First, Plaintiff must allege that his speech addressed an issue of public concern. "Speech involves a matter of public concern when it can fairly be considered to relate to any matter of political, social, or other concern to the community." *Eng*, 552 F.3d at 1070 (quoting *Johnson v. Multnomath County, Or.*, 48 F.3d 420, 422 (9th Cir. 1995); *see also Connick v. Myers*, 461 U.S. 138 (1983)(discussing when speech involves a matter of public concern)

5

(internal quotations omitted). Speech involving "personnel disputes and grievances" is generally not of public concern. *Eng*, 552 F.3d at 1070. Whether an employee's speech addresses a matter of public concern is "determined by the content, form, and context of a given statement." *Id.* (quoting *Johnson*, 48 F.3d at 422) (internal quotations omitted).

Here, Plaintiff alleges that he spoke on an "important public matter." (Compl. ¶ 5.) Plaintiff contends that he spoke on the "issue of discrimination, by publicly funded schools such as those then and there operated by defendant [School District], on the basis of the ancestry and/or national origin in the disparate treatment of students in those school." (Compl. ¶ 5.) *Cf. Skaarup v. City of N. Las Vegas*, 320 F.3d 1040, 1043 (9th Cir. 2003) ("[S]peech - that the City was discriminating against women and particularly women over 40 - touched on a matter of public concern"); *Rendish v. City of Tacoma*, 134 F.3d 1389, 1390 (9th Cir. 1998) (finding that "charges of ... employment discrimination are extremely serious and of great public concern"); *Voigt v. Savell*, 70 F.3d 1552, 1560 (9th Cir. 1995) (determining that speech referring to "unfair discrimination against non-residents of Alaska" touched on a matter of public concern); *Connick v. Myers*, 461 U.S. 138, 148 n.8 (1983) (the "right to protest racial discrimination [is] a matter inherently of public concern"); *Givan v. W. Line Consol. Sch. Dist.*, 439 U.S. 410, 411-16 (1979) (determining that a teacher's complaints about race discrimination at the school are matter's of public concern). Plaintiff has pled facts that, on their face, marginally suggest he spoke on a matter of public concern, although he provided no detailed factual

description by which the allegations can be tested. Plaintiff has alleged the general topic on which he spoke (race discrimination), but he provided no allegations as to what he actually said (the content), in what context, and in what form. At oral argument, Plaintiff volunteered to amend his complaint to provide more facts about his speech.

Second, Plaintiff must allege that he spoke as a private citizen and not as a public employee. "[T]o qualify as protected speech under the [second] element, [Plaintiff] must have uttered the speech as a citizen" and not "pursuant to his official duties." *Marable*, 511 F.3d at 929 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 414-15 (2006)). Here, Plaintiff alleges that he "exercised his right to free speech." (Compl. ¶ 5.) However, the complaint does not contain any factual allegation indicating that Plaintiff spoke as a private citizen or as a school district employee. For this reason his complaint fails to state a claim.

Third, Plaintiff must allege that the School District took adverse employment action against him. The adverse action "need not be severe and it need not be of a certain kind[,] . . . [n]or does it matter whether an act of retaliation is in the form of the removal of a benefit or the imposition of a burden." *Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003). Plaintiff need only show that "the actions taken by the defendants were 'reasonably likely to deter [him] from engaging in protected activity [under the First Amendment].'" *Id.* at 976. "Mere threats and harsh words are insufficient." *Id.* (citing *Pierce v. Texas Dep't of Criminal Justice*, 37 F.3d 1146, 1150 (5th Cir. 1994); *see also Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir. 2000) ("'mere

ostracism' by co-workers does not constitute an adverse employment action").

Here, Plaintiff alleges that Defendants retaliated against him by making complaints about his speech and directing him not to speak, which led to hardships in working conditions and loss of income and benefits. (Compl. ¶ 6.) Plaintiff also alleges that Defendants "took actions" against him but fails to specify what those actions were. (*Id.*) These facts alone are not sufficient to plead adverse employment action. Something more than mere threats and harsh words is required, and Plaintiff has not alleged anything more.

Finally, Plaintiff must allege that his speech was a motivating factor for the adverse action. Here, Plaintiff alleges that Defendants "were substantially motivated by a desire to retaliate against plaintiff for speaking publicly on the issue of discrimination." (Compl. ¶ 10.) Accepted as true, this allegation sufficiently pleads that the Defendants were motivated by the speech.

The complaint does not allege Plaintiff spoke as a private citizen nor does it sufficiently plead an adverse employment action. Plaintiff has failed to state a cause of action for First Amendment retaliation because he has not sufficiently alleged each element. Accordingly, Defendants' motion to dismiss, as to this claim, is GRANTED WITH LEAVE TO AMEND.

2. Defendants' § 1983 Liability

Defendants argue that Plaintiff has not sufficiently pled a § 1983 claim because (1) as to the School District, Plaintiff has not alleged a proper *Monell* claim, and (2) as to Garcia, Hunter,

8

and Enriquez, Plaintiff has not alleged official capacity claims. (Doc. 5 at 5.)

### a. The School District

"[T]he word 'person' in § 1983 includes municipalities and other local governing bodies such as school districts." *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004) (citing *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 690 (1978)).

> A school district's liability under *Monell* may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker.'

*Id.* (citing *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

Liability against a school district may also be premised on a "single decision by its properly constituted legislative body - whether or not that body had taken similar action in the past or intended to do so in the future." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "[A] single decision by such a body unquestionably constitutes an act of official government policy." *Id.; see also Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999) (discussing viable theories pursuant to which a local governing body may be liable for a single decision).

Here, Plaintiff does not allege facts that district employees were acting pursuant to expressly adopted official policy or a longstanding practice or custom at the time of the alleged unlawful retaliation; rather that they acted as individuals outside the course and scope of their employment. Plaintiff claims that the "School District itself can [unlawfully] retaliate against an employee." (Doc. 7 at 5.) While this is true, the School District

can only act through its constituent members, and Plaintiff has not alleged that he is suing the School District because of a decision by its properly constituted governing body or because of a decision by a district employee acting as a final policymaker for the School District. Plaintiff has not pled facts sufficient to support any cognizable theory of § 1983 liability against the School District. Defendants' motion on this ground is GRANTED WITH LEAVE TO AMEND.

### b. <u>Individual Defendants</u>

Defendants also argue that Plaintiff failed to assert facts sufficient to support a cause of action against Garcia, Hunter, and Enriquez in their official capacity. (Doc. 5 at 5.) A review of the complaint reveals that Plaintiff has made no effort to plead official capacity claims against these defendants and Plaintiff's opposition briefing provides no indication that Plaintiff intends to do so. Plaintiff can maintain § 1983 claims against these defendants in their individual capacities. There is no basis to dismiss the § 1983 claims against Garcia, Hunter, and Enriquez on the ground that Plaintiff has failed to plead official capacity claims. If the School District remains as a named party, official capacity claims against Garcia, Hunter, and Enriquez would be redundant. *See Megargee v. Wittman*, 550 F. Supp. 2d 1190, 1206 (E.D. Cal. 2008).

Defendants' motion to dismiss, on this ground, is DENIED.

### B. <u>California Civil Code § 52.1 Claim</u>

Defendants argue that Plaintiff has alleged insufficient facts to support his § 52.1 claim. (Doc. 5 at 6.) California Civil Code § 52.1(b) provides that: "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution . . . has been

interfered with, or attempted to be interfered with [through threats, intimidation, or coercion] may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages." "The word 'interferes' as used in [§ 52.1] means 'violates.'" *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007).

To sustain his claim under § 52.1(b), Plaintiff must show that a constitutional violation occurred *and* that the violation was accompanied by threats, intimidation or coercion within the meaning of § 52.1. *See Venegas v. County of L.A.*, 32 Cal. 4th 820, 843 (2004)("[T]he language of section 52.1 provides remedies for certain misconduct that interferes with federal or state laws, *if* accompanied by threats, intimidation, or coercion . . . .") (emphasis added) (internal quotation marks omitted).

Plaintiff's § 52.1 claim is premised on an underlying First Amendment violation. Plaintiff has not yet sufficiently alleged a First Amendment violation. Accordingly, Plaintiff has not sufficiently pled a claim under § 52.1.

Plaintiff's complaint also suffers another defect. Section 52.1(j) provides that:

> Speech alone is not sufficient to support an action . . . ., except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat.

Cal. Civ. Code § 52.1(j). Defendants contend that Plaintiff has not pled a cause of action because the complaint only alleges speech and contains no facts alleging violence or threats of

violence against Plaintiff's person or property.[1]  (Doc. 5 at 6.)

Plaintiff's complaint states in pertinent part:

> In direct retaliation for this speech, defendants and each of them took adverse actions against plaintiff by making complaints against him for uttering protected speech, by directing him not to utter such speech against upon threat of sanctions in his employment with [the School District] and by taking retaliatory actions against defendant which actions intentionally and adversely, without just cause, resulted in an interference with plaintiff's employment and caused plaintiff to suffer hardships in his employment in terms of working conditions and in terms of compensation and caused plaintiff to lose income and/or other benefits that would otherwise have been earned by plaintiff in the course of his employment with [the School District.]

(Compl. ¶ 6.)

Section 52.1(j) explicitly states that "[s]peech alone is not sufficient," except when a plaintiff shows (1) that "the speech itself threatens violence against a specific person or group," (2) "the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property," and (3) "the person threatening violence had the apparent ability to carry out the threat."  Cal. Civ. Code § 52.1(j).

---

[1] In their reply, Defendants suggest that § 52.1 contemplates only violent acts or threats of violent acts.  (Doc. 8, Defendants' Reply, filed Mar. 9, 2009.)  However, this argument is unsupported by California's caselaw and the express language of § 52.1, which provides a remedy for interference with a right by "threats, intimidation, or coercion."  Cal. Civ. Code § 52.1(a).  In *City and County of San Francisco v. Ballard*, 136 Cal. App. 4th 381, 408 (2006), the court recognized that a valid § 52.1 claim can be premised on coercion or intimidation in conjunction with interference, attempted or completed, with a legal right. *Id.; see also Venegas*, 32 Cal. 4th at 843 (stating that § 52.1 provisions "are limited to threats, intimidation, or coercion that interferes with a constitutional ... right").

Here, Plaintiff alleges that Defendants made "complaints" against him for uttering protected speech and were "directing" him not to utter speech upon "threat" of unspecified employment sanctions. There is no mention of threatened violence. Plaintiff, apparently recognizing that these allegations are insufficient, argues that his § 52.1 claim does not rest on speech alone. (Doc. 7 at 5.)[2] Rather, Plaintiff asserts that the allegation that "defendants took actions without just cause that adversely affected plaintiff in his employment" satisfies § 52.1. (Doc. 7 at 6.)

Plaintiff's allegation that Defendants "took actions" (or "took adverse actions") without just cause is conclusory, and even if accepted as true, it is legally insufficient to support a claim under § 52.1. It is not enough to say that some retaliatory action was taken and that this amounted to a constitutional violation. Section 52.1 also requires that any action be accompanied by threats, intimidation, or coercion. Plaintiff has pled no facts to show that the unspecified "actions" were accompanied by threats, intimidation, or coercion. Defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND** with regard to this claim.

---

[2] Plaintiff cites *Brandenburg v. Ohio*, 395 U.S. 444, 447-48 (1969) to support his argument that "[t]he purpose of subdivision (j) is to preserve the statute's constitutionality by ensuring that any speech prohibited by the statute presents a 'clear and present danger' to the person or property of another . . . ." (Doc. 7 at 5-6.) Plaintiff further argues that the language in § 52.1(j) requiring that speech threaten violence is "the California's legislature's attempt to conform with minimal federal constitutional protections." To whatever extent this is true, it does not negate the fact that § 52.1(j) sets forth substantive standards that a plaintiff must meet to assert a claim based on speech alone.

## V. CONCLUSION

For the reasons stated, Defendants' motion to dismiss for failure to state a claim is GRANTED, IN PART, WITH LEAVE TO AMEND. Any amended complaint should be filed within 20 days following electronic service of this decision.

IT IS SO ORDERED.

Dated:   March 20, 2009                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE