UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LUTZ,<br><br>        Plaintiff,<br><br>  v.<br><br>DELANO UNION SCHOOL DISTRICT,<br>RONALD GARCIA, JOSEPH HUNTER,<br>LINDA ENRIQUEZ, and DOES 1<br>through CC, inclusive,<br><br>        Defendants. | 1:08-cv-1787 OWW DLB<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 8/15/11<br><br>Non-Dispositive Motion<br>Filing Deadline: 8/31/11<br><br>Non-Dispositive Motion<br>Hearing Date: 10/7/11 9:00<br>Ctrm. 9<br><br>Dispositive Motion Filing<br>Deadline: 9/30/11<br><br>Dispositive Motion Hearing<br>Date: 10/31/11 10:00 Ctrm. 3<br><br>Settlement Conference Date:<br>8/23/11 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date:<br>12/5/11 11:00 Ctrm. 3<br><br>Trial Date: 1/18/12 9:00<br>Ctrm. 3 (JT-4 days) |

I.   Date of Scheduling Conference.

    September 29, 2010.

II.  Appearances Of Counsel.

    William A. Romaine, Esq., appeared on behalf of Plaintiff.

1

1    Dooley, Herr, Peltzer & Richardson by Ron Statler, Esq.,
2    appeared on behalf of Defendants.
3    III.   Summary of Pleadings.
4         A.   Plaintiff's Contentions.
5              1.   Plaintiff Alan Lutz has filed this action alleging
6    that Defendants, acting on their own and out of the scope and
7    purpose of their relationship, made statements to Delano Union
8    Elementary School District with the intent that such statements
9    would cause harm to Plaintiff's employment relationship with
10   Delano Union Elementary School District.  The statements were
11   made by these individuals, purporting to act under California
12   Education Code, to the effect that Plaintiff Alan Lutz violated
13   the terms and conditions of his classified employment with Delano
14   Unified School District by speaking out in public against Delano
15   Unified School District's announced policy to treat students who
16   were citizens of Mexico, by permitting favorable treatment of
17   students who were citizens of Mexico concerning their ability to
18   be absent from class and not suffer any adverse consequences,
19   while imposing adverse consequences upon students who were United
20   States citizens for absences from school over periods
21   considerably shorter than the periods of absence of the Mexican
22   citizen students who suffered no adverse consequences.  In this
23   regard, Alan Lutz contends that he spoke about the foregoing
24   described terms of disparate treatment to Defendant Linda
25   Enriquez, who was then and there a principal of an elementary
26   school within the Delano Union School District and she became
27   enraged, enlisted the aid of Defendants Ronald Garcia and Joseph
28   Hunter, who were then and there executive personnel of Delano

Union Elementary School District.

      2.    Plaintiff contends that his remarks were protected political speech on a matter of great public concern, to wit: disparate treatment of students on the basis of their ancestry or citizenship.  Plaintiff alleges that in retaliation for making his speech, Defendants Enriquez, Garcia, and Hunter used their administrative and executive positions in the Delano Union Elementary School District to influence the Delano Union Elementary School District Governing Board to impose adverse employment discipline upon Plaintiff, to wit: suspension of his employment without pay for 30 days.  Plaintiff contends that this retaliatory action was done under color of state law, to prevent him from, or to retaliate against him for speaking out about matters of great public importance in violation of the protections secured to him by Amendment I of the United States Constitution.

      3.    Plaintiff Lutz alleges that the suspension caused him loss of financial remuneration and that the incident and the ongoing animosity it generated further caused him to suffer such embarrassment, humiliation, and emotional distress that precipitated in him a desire to retire earlier than he otherwise would have done, resulting in a substantial loss of income and benefits to him.

B.    Defendants' Contentions.

      1.    Plaintiff Lutz's comments were threatening and intimidating and made in a threatening and intimidating manner; were done in a manner that violated the good order and administration of Plaintiff's employer [a school district]; his

3

comments were upsetting and/or frightening to others who were in the school-site office while he made them; Plaintiff abused his position as an employee of Defendant Delano School District to gain access to the school site and school officials in order to interject himself into a parent meeting regarding a student when he was not a parent of that student.  Essentially, Plaintiff scared the office, which was full of women of smaller size, by yelling, screaming, and taking on a physically intimidating stance - in an elementary school office.

       2.   On or about the date alleged in the Complaint, Defendant Linda Enriquez was having a meeting with the mother of a student at Del Vista Elementary School.  This was Plaintiff Lutz's daughter-in-law, and the student was his grandchild.  Plaintiff Lutz became aware of the meeting while he was at work (Plaintiff did not work at the school-site).

       3.   Plaintiff entered the school office and shouted "where is the god-damn principal?" and began screaming for Defendant Enriquez to make herself available.  His screams continued with a string of profanities, including profane racial pejoratives.  He went into Defendant Enriquez's office and started screaming at her, at one point getting so close to her that she was afraid to stand up for fear of him considering it a physical challenge.  Defendant Enriquez asked to end the meeting, but Plaintiff Lutz refused - until a white male entered the school office and Plaintiff Lutz was asked to leave.  He did so, but remained in front of the school in his pick-up truck.  A police report was lodged regarding the incident.

       4.   Defendant Enriquez reported Plaintiff's conduct to

4

Defendants Hunter and Garcia.  Defendants Hunter and Garcia began an investigation into Plaintiff's conduct while on the job. Plaintiff, a school district employee, was found to have breached the disciplinary requirements of district employees by discourteous treatment of the public, students, and other employees, and for engaging in conduct of such a nature that it brings discredit to the employing district.

   5. Defendants contend that Plaintiff's speech was not political speech on an important public issue protected by the First Amendment, but rather was an aggressive, violent, racialist diatribe intended to intimidate and strike fear into the hearts of people, many of whom were part of the class of persons against whom he railed, who were just trying to run a school.  This was done on campus, in the workplace, and in violation of the terms and conditions of Plaintiff's employment.

IV. Orders Re Amendments To Pleadings.

 1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

 A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

   1. Plaintiff Alan Lutz was a permanent, classified employee of Delano Union Elementary School District at all times material to the allegations set forth in the First Amended Complaint.

   2. Plaintiff Lutz spoke to Linda Enriquez after his grandson was disciplined.

   3. Defendant Linda Enriquez believed that Plaintiff

5

Lutz's comments were made in a hostile and offensive manner.

        4.    Defendant Linda Enriquez reported her concerns about Plaintiff Lutz's comments to Defendants Ronald Garcia and Joseph Hunter.

        5.    Plaintiff Alan Lutz has subsequently retired from his employment with Delano Union Elementary School District and is no longer employed there.

    B.    Contested Facts.

        1.    Whether the comments made by Plaintiff Lutz were made in a "hostile and offensive" manner.

        2.    Whether the comments made by Plaintiff Lutz concerned a matter of great public importance.

        3.    Whether Delano Unified School District engaged in any retaliatory actions against Plaintiff.

        4.    Whether the retirement of Plaintiff Lutz from his employment with Delano Unified School District was a direct and proximate consequence of any retaliatory actions on the part of Defendants.

        5.    Whether Defendants' actions with respect to Plaintiff Lutz's employment suspension were done in retaliation for his exercise of free speech rights protected by Amendment I of the United States Constitution.

        6.    Whether Plaintiff's conduct interrupted or otherwise hindered Defendant's administration of the school functions and environment.

        7.    Whether Plaintiff was entitled to continued employment with Delano Union Elementary School District, except for cause, at all times material to the allegations set forth in

the First Amended Complaint.

8. Whether Plaintiff's employment with Delano Union Elementary School District was governed by and subject to a collective bargaining agreement, pursuant to the provisions of the California Educational Employee Relations Act (California Government Code § 3540, et seq.).

9. Whether Plaintiff Alan Lutz spoke to Defendant Linda Enriquez regarding his concern about the Delano Union Elementary School District policy allowing students who were citizens of Mexico or whose ancestral background was Mexican to make up, without penalty, any work missed during their absences from the school when they were out of the United States with their parents, or if Plaintiff's speech concerned some other matter.

10. Whether, at Plaintiff Lutz's discretion, he could have elected an alternative fifteen day suspension if he enrolled in an anger management program and whether Plaintiff Lutz elected a thirty day suspension instead of so enrolling.

11. In response to Plaintiff's conduct, Defendants Ronald Garcia and Joseph Hunter responded to Defendant Linda Enriquez's concerns by initiating and prosecuting a process whereby Plaintiff Alan Lutz received an unpaid thirty day suspension.

VI. Legal Issues.

   A.  Uncontested.

       1.  Jurisdiction exists under 28 U.S.C. § 1331.

       2.  Venue is proper under 28 U.S.C. § 1391.

*///*

     B.    Contested.

         1.    Whether the comments made by Plaintiff Lutz were protected by Amendment I of the United States Constitution.

         2.    Whether Plaintiff Lutz has waived rights afforded under his collective bargaining agreement, if any applies, by his failure to file a timely unfair labor practices claim, or similar claim as set forth in any applicable collective bargaining agreement.

         3.    Whether, assuming any comments made by Plaintiff Lutz are protected by Amendment I of the United States Constitution, such protections are subject to limitations by: the terms and conditions of Plaintiff Lutz's employment; the venue in which such comments were made; or by the United States Constitution, statute, common or case law, equity, or other defense.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

         1.    The parties are ordered to complete all discovery on or

before August 15, 2011.

2.  The parties are directed to disclose all expert witnesses, in writing, on or before June 15, 2011. Any rebuttal or supplemental expert disclosures will be made on or before July 15, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

3.  The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.  Pre-Trial Motion Schedule.

1.  All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before August 31, 2011, and heard on October 7, 2011, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

2.  In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.     All Dispositive Pre-Trial Motions are to be filed no later than September 30, 2011, and will be heard on October 31, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

1.    December 5, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

1.    January 18, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.    This is a jury trial.

///

1          3.   Counsels' Estimate Of Trial Time:
2               a.   Four days.
3          4.   Counsels' attention is directed to Local Rules
4    of Practice for the Eastern District of California, Rule 285.
5    XIV. Settlement Conference.
6          1.   A Settlement Conference is scheduled for August 23,
7    2011, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L.
8    Beck, United States Magistrate Judge.
9          2.   Unless otherwise permitted in advance by the
10   Court, the attorneys who will try the case shall appear at the
11   Settlement Conference with the parties and the person or persons
12   having full authority to negotiate and settle the case on any
13   terms at the conference.
14         3.   Permission for a party [not attorney] to attend
15   by telephone may be granted upon request, by letter, with a copy
16   to the other parties, if the party [not attorney] lives and works
17   outside the Eastern District of California, and attendance in
18   person would constitute a hardship.  If telephone attendance is
19   allowed, the party must be immediately available throughout the
20   conference until excused regardless of time zone differences.
21   Any other special arrangements desired in cases where settlement
22   authority rests with a governing body, shall also be proposed in
23   advance by letter copied to all other parties.
24         4.   Confidential Settlement Conference Statement.
25   At least five (5) days prior to the Settlement Conference the
26   parties shall submit, directly to the Magistrate Judge's
27   chambers, a confidential settlement conference statement.  The
28   statement should not be filed with the Clerk of the Court nor

11

served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5. The Confidential Settlement Conference Statement shall include the following:

        a. A brief statement of the facts of the case.

        b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c. A summary of the proceedings to date.

        d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e. The relief sought.

        f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. The parties agree that the trial should be bifurcated. The issue of liability will be tried first and damages will be tried in a second phase, before the same jury.

///

**XVI. Related Matters Pending.**

    1.    There are no related matters.

**XVII.    Compliance With Federal Procedure.**

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII.    Effect Of This Order.**

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///
///

13

3.  Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   September 29, 2010                      /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE